UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHNNY LEE EVANS, | Civil No. 14-1074 (PAM/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

In July 2000, a federal court jury in the Eastern District of Missouri found Petitioner guilty of (1) conspiring to transport a person across state lines for prostitution purposes (a "Mann Act" violation) and (2) money laundering. Petitioner was sentenced to 211 months in federal prison and he is presently serving his sentence at the Federal Correctional

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), 2002 WL 31045849, at *2 (D.Minn. 2002); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558, 1990 WL 171789, at *3 (N.D. Ill. 1990).

Institution in Sandstone, Minnesota.

Petitioner's conviction and sentence were affirmed on direct appeal in 2001. United States v. Evans, 272 F.3d 1069 (8th Cir. 2001), cert. denied, 537 U.S. 857 (2002). He later challenged his conviction and sentence in a post-conviction motion brought under 28 U.S.C. § 2255, but that motion was denied. Evans v. United States, No. 4:03CV845JCH, 2005 WL 1473989 (E.D. Mo. 2005). In 2009, Petitioner attempted to challenge his conviction and sentence once again, this time by filing a § 2241 habeas corpus petition in the United States District Court for the Southern District of Illinois. The case was dismissed because Petitioner failed to demonstrate that the remedy provided by § 2255 was "inadequate or ineffective" for the claims presented in his § 2241 petition. See Evans v. Hollingsworth, No. 09-CV-00881 DRH, 2011 WL 1598987 (S.D. Ill. 2011).

In Petitioner's current § 2241 habeas corpus petition, he is once again attempting to challenge the conviction in his 2000 federal criminal case in the Eastern District of Missouri. He now claims that he is "actual[ly] innocent" of both of the offenses for which he was convicted. (Petition, p. 3, § 9.) For the reasons discussed below, the Court finds that Petitioner's current challenges to his 2000 federal criminal conviction cannot be brought in a § 2241 habeas corpus petition.

**II.     DISCUSSION**

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. See Rojas v. Apker, 470 Fed. App'x 522, 523 (8th Cir. 2012) (unpublished opinion) ("[g]enerally, a federal inmate's exclusive remedy for collaterally attacking the constitutional validity of his sentence is through a 28 U.S.C. § 2255 motion filed in the sentencing court").  "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought under 28 U.S.C. § 2241 unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of . . . [his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam) (quoting 28 U.S.C. § 2255); see also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," Abdullah, 392 F.3d at 959, because, when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255

exclusive remedy rule.[2]

In this case, Petitioner is challenging the validity of his 2000 conviction in the Eastern District of Missouri. He claims that his conviction should be set aside because he is allegedly innocent of the crimes for which he was convicted. Because Petitioner is directly challenging the validity of his original conviction, his current habeas corpus petition is barred by § 2255's exclusive remedy rule unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can be construed to be a motion brought under § 2255, and the matter can then be transferred to the original trial court so the prisoner's claims can be addressed on the merits there. Petitioner, however, is precluded from seeking relief under § 2255 because he has already done so once before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which could not be entertained by the trial court without preauthorization from the apposite Circuit Court of Appeals. 28 U.S.C. §§ 2255(h), 2244(b)(3). Petitioner apparently does not have a preauthorization order from the Eighth Circuit Court of Appeals, so it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and transfer this matter to the district court in which Petitioner was convicted and sentenced.

Moreover, it appears that Petitioner has deliberately elected to bring his current claims in a § 2241 habeas corpus petition, perhaps because he knows he is not currently eligible for relief under § 2255. Petitioner might believe that he is exempt from § 2255's

---

[2] Petitioner should be well aware of § 2255(e)'s exclusive remedy rule and savings clause, as those concepts were fully explained in the Memorandum and Order that denied his prior § 2241 habeas petition in Evans v. Hollingsworth, supra.

exclusive remedy rule under the savings clause, and that he can challenge his conviction in a § 2241 habeas proceeding, because he is procedurally barred from bringing a § 2255 motion at this time. That reasoning, however, must be rejected.

The procedural rules that limit the availability of relief under § 2255 would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective" and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will <u>not</u> be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, . . . or because petitioner has been denied permission to file a second or successive § 2255 motion . . . or because a second or successive § 2255 motion has been dismissed, . . . or because petitioner has allowed the one year statute of limitations and/or grace period to expire." <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted); <u>see also Hill</u>, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); <u>Abdullah</u>, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."

In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998); see also Braggs v. Marberry, 247 Fed. App'x 392, 393 (3rd Cir. 2007) (unpublished opinion) ("Section 2255 is 'inadequate or ineffective' only if the petitioner 'was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application'") (quoting Okereke v. United States, 307 F.3d 117, 120 (3rd Cir. 2002)).  In this case, there has been no relevant change in the law since Petitioner's § 2255 motion was denied by the trial court, which would allow him to invoke the savings clause.

Petitioner contends that the § 2255(e) savings clause is applicable here, and the grounds raised in his current petition can properly be raised and adjudicated on the merits in a § 2241 habeas corpus action because he is claiming actual innocence. (See Petition, p. 4, § 14.)  A claim of actual innocence, however, is not sufficient by itself to invoke successfully the savings clause.  The Eighth Circuit Court of Appeals made that quite clear in Abdullah.  There, the Court held that a federal prisoner cannot invoke the savings clause, even for a claim of actual innocence, if he previously had some procedural opportunity to raise that claim.  Abdullah, 392 F.3d at 963 (§ 2255 is not inadequate or ineffective, thereby allowing a prisoner to raise an actual innocence claim in a § 2241 habeas corpus petition "where a petitioner had any opportunity to present his claim beforehand").  Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause because he could have raised his current actual innocence claims in his direct appeal or in his prior § 2255 motion.

As the Court of Appeals explained in Abdullah –

"[T]he Due Process Clause of our Constitution does not require that a

6

> petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting <u>Wolford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999).

Again, unless there has been some change in the governing law that is retroactively applicable on collateral review, an actual innocence claim cannot be raised in a § 2241 habeas petition if the petitioner had a prior opportunity to raise the claim. Here, Petitioner could have raised his actual innocence claims in his direct appeal or in his § 2255 motion. Because Petitioner has been afforded an adequate procedural opportunity to raise his actual innocence claims – in fact, he has been afforded two such opportunities – the savings clause is not available. See <u>Abdullah</u>, 392 F.3d at 960 ("§ 2255 was not inadequate or ineffective to raise Abdullah's claim because . . . regardless of his ability to demonstrate actual innocence, Abdullah did have an unobstructed opportunity to raise his claim"); <u>see</u> <u>also</u> <u>Hill</u>, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

### III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief directly challenges the validity of his federal criminal convictions in 2000 in the Eastern District of Missouri; (2) such challenges can be raised only in a § 2255 motion filed in the trial court unless the remedy provided by that statute is "inadequate or ineffective;" and (3) § 2255 is not an "inadequate or ineffective" remedy for Petitioner's current actual innocence claims because he had an adequate procedural opportunity to raise those claims

7

on direct appeal or in his § 2255 motion. Thus, the Court concludes that Petitioner's current habeas corpus petition is barred by the § 2255(e) exclusive remedy provision; the "savings clause" is not available for Petitioner's claims of actual innocence; and this action must therefore be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's application for leave to proceed in forma pauperis (Docket No. 2) and his collateral motion seeking "expedited relief" (Docket No. 3) be summarily denied.

[Continued on next page.]

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1) be **DENIED**;

2. Petitioner's motion to proceed in forma pauperis (Docket No. 2) be **DENIED**;

3. Petitioner's motion seeking "expedited relief" (Docket No. 3) be **DENIED**; and

4. This action be summarily **DISMISSED** for lack of jurisdiction.


Dated: April   23  , 2014

　　　　　　　　　　　　　　　　　　　　　　　　  *s/ Tony N. Leung*
　　　　　　　　　　　　　　　　　　　　　　　　TONY N. LEUNG
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

　　　　　　　　　　　　　　　　　　　　　　　　*Evans v. United States of America*
　　　　　　　　　　　　　　　　　　　　　　　　File No. 14-cv-1074 (PAM/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **May 27, 2014**.