UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Johnny Lee Evans,                                                             Civ. No. 14-1074 (PAM/TNL)

          Petitioner,

v.                                                                                                    **ORDER**

United States of America,

          Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Tony N. Leung dated April 23, 2014. The R&R recommended that this Court summarily dismiss this Petition under 28 U.S.C. § 2241 for lack of jurisdiction. Petitioner filed timely objections to the R&R. According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

In the current Petition, Petitioner challenges his 2000 conviction in the Eastern District of Missouri for money laundering and violations of the Mann Act. This is his third post-direct-appeal challenge to that conviction; his initial § 2255 motion was denied on the merits by the sentencing court, and his second attempt, in the form of a § 2241 petition, was denied as an improper attempt to circumvent 28 U.S.C. § 2255's prohibition on second or successive petitions. (See R&R (Docket No. 7) at 2 (citing procedural history).)

Petitioner now claims that his current § 2241 Petition is not barred by § 2255, because he claims he is actually innocent of the charges for which he was convicted. But whether § 2255's second-or-successive petition prohibition bars an actual-innocence challenge is not at issue here. Rather, the issue is whether Petitioner's current Petition may be brought under § 2241 at all. For the reasons stated in the R&R and further discussed below, it may not.

A federal prisoner who has already pursued a post-conviction motion under § 2255 may not bring a petition seeking relief under § 2241 or any other avenue unless he can establish that § 2255 is "inadequate or ineffective" to challenge his conviction or sentence. 28 U.S.C. § 2255(e). Alternatively, a federal prisoner may bring a second (or in this case, third) § 2255 motion if he receives permission to do so from the United States Circuit Court of Appeals for the district in which he seeks to bring the motion. Because § 2255 is the only avenue to raise an actual-innocence challenge to a federal conviction, Petitioner cannot show that § 2255 is "inadequate or ineffective" within the meaning of the statute. (R&R at 6-7.) Petitioner may believe he will be unsuccessful at persuading the Court of Appeals to allow him to raise his actual-innocence challenge in a third § 2255 motion, but that belief does not excuse him from complying with the clear dictates of the statute, nor does it render the statute an inadequate or ineffective means for him to raise that challenge.

This Court has no jurisdiction over the Petition, which raises claims that may only be brought in a § 2255 motion, because such a motion is procedurally barred absent Court of Appeals precertification.  Magistrate Judge Leung correctly concluded that the Petition must therefore be summarily dismissed.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Petitioner's application for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**;

2. Petitioner's motion seeking expedited relief (Docket No. 3) is **DENIED**;

3. Petitioner's application for a writ of habeas corpus (Docket No. 1) is **DENIED**; and

4. This action is summarily dismissed for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 28, 2014

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge